## Ream v. Ream

*James A. Kudasik,* for plaintiff.
*Scott A. Scurfield,* for defendant.

CASCIO, *J.,* June 11, 1991—This case is before the court for consideration of defendant's petition for contempt in which she seeks to have the plaintiff held in contempt for violation of the provisions of paragraph 5 of a marriage settlement agreement entered into by the parties under date of November 2, 1990. This agreement was filed of record with the final decree in divorce on November 6, 1990.

Specifically, defendant complains that plaintiff, in violation of the terms of the agreement, unilaterally reduced the amount of his alimony payment from $600 per month to $200 per month. She has requested that we find plaintiff in contempt, require him to resume paying the amount of $600 per month

together with any accrued arrearages, and order him to pay her reasonable attorney's fees.

Prior to calling the case for hearing, we met with counsel for both parties in chambers to review the status of the agreement vis-a-vis the relief requested, particularly because the agreement, although filed with the record papers, was not approved by order of this court. In the courtroom, we went on the record to advise the parties that we wished to resolve two issues of law before proceeding further. Those issues, set forth in our order of April 22, 1991, are:

(1) Whether defendant may utilize the remedy of contempt to redress a violation of the terms of the agreement, and

(2) If not, what other remedy may be available to her to enforce her claim for the balance of the alimony payments she has not received.

## DISCUSSION

In order to resolve these issues, we turn to the provisions of the Divorce Code pertaining to the payment of alimony. Section 3701(f) of the code provides:

"Whenever the court approves an agreement for the payment of alimony voluntarily entered into between the parties, the agreement shall constitute the order of the court and may be enforced as provided in section 3703 (relating to enforcement of arrearages)." 23 Pa.C.S. §3701(f).[1]

Title 23 Pa.C.S. §3703[2] permits, inter alia, the prosecution of contempt proceedings and the award of counsel fees and costs.

1.  Formerly 23 P.S. §501(f).
2.  Formerly 23 P.S. §503.

As noted above, this agreement was never approved by the court, either by independent order or by language included in the decree in divorce. However, the provisions of section 3105(a) appear to make such approval unnecessary.

"A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement." 23 Pa.C.S. §3105(a).[3]

Paragraph 7 of the agreement clearly contemplates nothing contrary to the consideration of the agreement as equivalent to an order of the court because it contains the following language:

"This agreement shall be effective from and after the entry of a decree or order adopting the same for the purposes of resolving issues relating to equitable distribution of property, alimony, counsel fees and expenses, and other matters under the provisions of the Divorce Code of 1980. Husband and wife agree that this agreement shall be submitted to the court by petition praying that an order or decree be issued adopting the terms hereof for the purpose of resolving the said matters as raised in the complaint filed by Husband as recited above, except for the matters of the divorce itself."

Plaintiff would be hard put to argue that, because it was never so presented for approval, the agreement is not effective, because it appears that the parties have been otherwise adhering to the terms thereof. Accordingly, we find that, by virtue of the terms of the Divorce Code provisions recited above,

---

3. Formerly 23 P.S. 401.1(a).

the remedies of contempt and award of counsel fees are available to defendant. Having so ruled, we need not address the second issue set forth above.

## ORDER

And now, June 11, 1991, consistent with the terms of the foregoing memorandum, we order that this matter be set down for additional hearing on the issue of whether plaintiff should be held in contempt for his failure to pay alimony in accordance with the terms of the marriage settlement agreement entered into by the parties.